# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 8, 2013 Session

## A. JULIAN AHLER v. WALTER STEPHEN STEWART, ET AL.

### Appeal from the Circuit Court for Roane County
### No. 11CV4      Russell E. Simmons, Jr., Judge

---

### No. E2012-02510-COA-R3-CV-FILED-MARCH 8, 2013

---

This is an appeal from an order transferring the action below from the Circuit Court for Roane County to the Chancery Court for Roane County. Because the order appealed from does not resolve any issues raised in the proceedings but merely transfers those claims to another court, we dismiss this appeal for lack of a final judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

D. MICHAEL SWINEY, JOHN W. MCCLARTY, AND THOMAS R. FRIERSON, II, JJ.

Mark N. Foster, Rockwood, Tennessee, for the appellants.

Richard L. Hollow, Knoxville, Tennessee, for the appellees, Rebecca K. McClurkan and Ahler Trust.

Jack H. McPherson, Jr., Kingston, Tennessee, for the appellee, A. Julian Ahler.

### MEMORANDUM OPINION[1]

Upon review of the record for this appeal, the Court directed the appellants to show cause why this appeal should not be dismissed for lack of jurisdiction because there is not "a final judgment adjudicating all the claims, rights, and liabilities of the parties" from which

---

[1]Rule 10 of the Rules of the Court of Appeals provides as follows:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

an appeal as of right would lie. Tenn. R. App. P. 3(a). Counsel for the appellants filed a response to the show cause order arguing that the term "final judgment" is not defined in the Tennessee Rules of Appellate Procedure and that this Court should consider the challenged transfer order a final judgment because it "resolve[d] all of the claims between the parties in the Circuit Court." Counsel further asserts that the lack of resolution by the Chancery Court of the claims between the parties "does not change the character of the Circuit Court's order as a final judgment leaving the Circuit Court with nothing else to do."[2]

Counsel correctly asserts in his argument that "[a] final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.' " *In Re: Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). However, he is incorrect in his assertion that the appellate rules do not define the term "final judgment." Rule 3(a) of the Rules of Appellate Procedure defines what a "final judgment" is by making clear what it is not. Specifically, "any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties." Tenn. R. App. P. 3(a). Because the challenged order in this case did not resolve any of the claims at issue between the parties, this Court does not have subject matter jurisdiction to adjudicate this appeal. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). As this Court has pointed out before, if a party wishes to appeal from an order adjudicating a request to transfer a case between the circuit and chancery courts of a particular county, seeking permission to appeal from both the trial court and this Court pursuant to Rule 9 of the Rules of Appellate Procedure would be the appropriate method by which to seek review. *See Williams v. City of Milan*, No. W2010-00450-COA-R9-CV, 2011 WL 538868, * 3 n.5 (Tenn. Ct. App., Jackson, Feb. 16, 2011).

Because the order transferring the case below is not a final judgment, this appeal is dismissed. Costs on appeal are taxed to the appellants, Walter Stephen Stewart and Leah Jan Stewart, for which execution may issue if necessary.

**PER CURIAM**

---

[2]In his response, counsel also attempts to distinguish a memorandum opinion from the Middle Section of this Court that dismissed for lack of jurisdiction an appeal from an order that merely transferred a case from one county to another. *See Miller v. Tenn. Dep't of Corr.*, No. 2011-01887-COA-R3-CV, 2011 WL 5865201 (Tenn. Ct. App., Nashville, Nov. 21, 2011). Memorandum opinions are "not to be cited or relied on for any reason in any unrelated case." Tenn. R. Ct. App. 10.